UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory D. Rogers, | ) C/A No.: 4:07-1512-MBS-TER |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| Hammie C. Montgomery, | ) |
| James E. Thomas, Magistrate for Darlington County, | ) |
| Defendants. | ) |

Factual Background

On March 16, 2007, the plaintiff, a resident of Hartsville, South Carolina, and defendant Montgomery, and resident of Hartsville, South Carolina, signed a commercial lease wherein the plaintiff would lease a certain property in Hartsville for his business and pay the defendant Montgomery monthly rental payments. Defendant Montgomery believed that the plaintiff had breached the lease, and on May 18, 2007, defendant Montgomery filed a civil action in South Carolina state magistrate court seeking $880.00 and that the plaintiff be ordered to vacate the property. Allegedly, the state court civil action numbers 0700502 and 0700503 are pending in Darlington County before Magistrate Judge Thomas, a named defendant. The plaintiff alleges that he did not default under the terms of the lease, and he requested a jury trial in state magistrate court. He further alleges that defendant Thomas held a meeting with plaintiff and so advised the plaintiff that defendant Thomas will evict the plaintiff and that the plaintiff can only have a jury trial if he satisfies certain conditions. The plaintiff alleges that defendant Thomas does not understand contract law and that he is violating the plaintiff's due process rights. The plaintiff requests this United States District Court to enjoin the South Carolina magistrate court proceedings so that the plaintiff will not

be evicted by defendant Thomas, and the plaintiff requests that a federal magistrate judge hear the case.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Erickson v. Pardus*, No. 06-7317, —S.Ct.—, 2007 WL 1582936 at *4 (June 4, 2007), *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se*

pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); *see also American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.

The plaintiff requests that this federal Court hear and decide the breach of commercial lease dispute between himself and defendant Montgomery. A civil action for plaintiff's state law breach of contract claim would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of

3

parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). The plaintiff alleges that both himself and the defendant Montgomery reside in Hartsville, South Carolina, which destroys complete diversity. Further, the plaintiff's exhibits demonstrate that $880.00 is at issue and the one year value of the lease is less than $11,000.00. Accordingly, this Court has no diversity jurisdiction over the case *sub judice* because complete diversity does not exist and the amount in controversy does not meet the jurisdictional minimum.

Liberally construed, the plaintiff attempts to use federal question subject matter jurisdiction to enter this Court. He alleges a constitutional claim for violation of his due process rights pursuant to 42 U.S.C. § 1983. However, the plaintiff's constitutional claim is not cognizable because defendant Thomas has absolute judicial immunity and defendant Montgomery did not act under color of state law.

Judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Moreover, in 1996, Congress amended 42 U.S.C. § 1983 to expand judicial immunity so as to prohibit injunctive relief against a judicial officer, except for a limited exception not applicable here. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 611 (E.D. Mich. 2003). Immunity presents a threshold question. *See Harlow v.*

*Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The defendant Thomas is a South Carolina magistrate court judge, and at all times was acting within his judicial capacity concerning *Montgomery v. Rogers*, Civil Action Nos.0700502 and 0700503, pending in Darlington County.[1]

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975). The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See* Article V, Section 4 of the Constitution of the State of South Carolina; and *Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992). County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Singleton*, 361 S.C. 364, 605 S.E.2d 518 (2004) (removing county magistrate from office); *In the Matter of Wilder*, 335 S.C. 339, 516 S.E.2d 927 (1999) (imposing public reprimand upon former Municipal Court Judge and precluding him from seeking "future appointment to any judicial office within the unified

---

[1] If the plaintiff is dissatisfied with the results, to be determined, in the pending civil actions before Magistrate Judge Thomas, he may appeal to the South Carolina Circuit Court. *See Robinson v. Hassiotis*, 364 S.C. 92, 610 S.E.2d 858 (Ct. App. 2005).

judicial system of South Carolina unless authorized by this Court"). Accordingly, defendant Thomas is entitled to summary dismissal based upon absolute immunity.

Although it appears that the plaintiff merely seeks to resolve the breach of contract claim with defendant Montgomery, over which this Court has no diversity jurisdiction, to the extent the plaintiff brings a § 1983 due process claim against defendant Montgomery such a claim is not cognizable. Defendant Montgomery is a private citizen, a lessor/landlord, and there is no allegation that he or she acted under color of state law.[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The record is completely devoid of any facts that could possibly state a § 1983 claim against defendant Montgomery; thus, the plaintiff failed to state a claim upon which relief may be granted.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

---

[2] It is not apparent whether defendant Montgomery is male or female.

**Plaintiff's attention is directed to the important notice on the next page.**

>Respectfully submitted,
>
>
> s/Thomas E. Rogers, III
>Thomas E. Rogers, III
>United States Magistrate Judge

June 25, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).